## FERRACANE v. BROOKLYN ALCATRAZ ASPHALT CO.

(Supreme Court, Appellate Division, Second Department. January 27, 1905.)

1. STREETS—ALTERATION—NEGLIGENT PAVING—INJURIES TO ABUTTING OWNER —EVIDENCE.

    Where, in an action against a street contractor for injuries to an abutting owner, plaintiff claimed that defendant broke the sidewalk stones over plaintiff's bake oven, and caused rain water to flow through the walk into the oven, but on the trial it appeared that the water by which plaintiff was damaged came from the street onto the sidewalk because of defendant's disturbance of the curb, plaintiff was not entitled to recover in the absence of evidence establishing defendant's negligence in relation to the curb.

Appeal from Municipal Court of City of New York.

Action by Sam Ferracane against the Brooklyn Alcatraz Asphalt Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

George W. Titcomb, for appellant.
Arthur H. Wills, for respondent.

JENKS, J. The plaintiff complained that the defendant, a contractor with the city for regulating and repaving a city street, piled up paving material on the sidewalk in front of plaintiff's premises, and over his bake oven, built in a vault under the sidewalk, so negligently as to break and depress the flat stones, and that he was damaged by the consequent flow of rain water through the breaks or depressions into

his bake oven.    The parties litigated at great length the question wheth-
er the act complained of was negligent, for the right of the defendant
to pile up paving stones at this place, under the circumstances, was not
disputed.    But in view of the plaintiff's version, it seems to me that
the determination of that question does not dispose of the controversy.
The testimony of the plaintiff, though vague and somewhat incoherent,
if not inconsistent, is clear enough that the damage was not consequent
upon the mere downfall of the rain, but upon a flow of rain water from
the street onto the sidewalk, and thence through the sidewalk onto his
premises.    The plaintiff and his witnesses attribute this to the absence
of a curb, or the disturbance thereof, or the defective work thereon.
There is no question but that the defendant, in his work, incidentally
disturbed the curb, or temporarily removed and reset it.    Although
counsel for the respondent now lays his main stress upon the acts of
the defendant in relation to the curb, the parties during the trial seem
to have lost sight of the fact that, in view of the plaintiff's version of the
origin of the damaging water, it was necessary to establish the de-
fendant's negligence in relation to the curbstones, for there is not suffi-
cient proof that the damage was not caused by the direct rainfall alone.

The learned counsel for the appellant contends that the plaintiff did
not establish a license to construct the vault.    But the colloquy between
the court and both counsel as to the issues, followed by the concession
as to the permit read in evidence, and the ruling of the court restricting
the proof without demur of counsel, probably precludes the appellant
from raising this point upon the present appeal.    And in view of our
disposition of this appeal, further consideration of this feature is un-
necessary.

There should be a new trial ordered; costs to abide the event.    All
concur.